(No. 20797.—

CHARLES ARONSON *et al.* Appellees, *vs.* PAUL F. OLSEN
*et al.*—(FRANK M. MEYERS, Appellant.)

*Opinion filed April 23, 1932.*

B. I. SALINGER, JR., and JOHN F. TYRRELL, for appellant.

A. S. & E. W. FROEHLICH, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Frank M. Meyers, one of the defendants in a suit brought in the superior court of Cook county for partition of certain premises, has appealed from a decree of sale entered therein. Previous to the entry of this decree the court, after hearing the cause, had entered a decree for partition, finding the interests of the respective parties and appointing commissioners to make division of the premises if susceptible of division, and if they were not, to value each parcel separately. From this decree appellant prayed an appeal but did not prosecute it. The commissioners reported the premises not susceptible of division and appraised them according to the directions of the court. Appellant objected to the report on the ground that there could be no sale in the case for the reason that complainants were not entitled to a decree of partition. The objection was overruled and the decree appealed from entered. Thereafter a writ of error was sued out of this court to review the decree of partition, and this court at its February,

1932, term, in *Aronson* v. *Olsen*, (*ante,* p. 26,) reversed and vacated the decree for partition.

As a valid decree of sale in a partition suit in chancery must be based upon a decree for partition and the decree for partition in this case having been reversed and vacated, there is no basis in the record for a decree of sale. The decree of sale must therefore be reversed and the cause remanded. *Reversed and remanded.*